UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN M. ,

    *Plaintiff*,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

Case No. 1:23-cv-13034

Sean F. Cox
United States District Judge

Patricia T. Morris
United States Magistrate Judge

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO DISMISS (ECF No. 9)

I. **RECOMMENDATION**

    **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 9), be **GRANTED.**

II. **REPORT**

A. **Introduction**

    Plaintiff filed the instant *pro se* complaint on November 30, 2023. (ECF No. 1.) Plaintiff's complaint alleges medical issues seeks relief in the form of "my lifetime disability for neuropathy." (ECF No. 1, PageID.6.)  Defendant filed the instant motion to dismiss on January 23, 2024. (ECF No. 9.) Plaintiff has not responded.

1

**B. Analysis**

The "general rule that parties exhaust administrative remedies before seeking relief from the federal courts" is well established. *McCarthy v. Madigan*, 503 U.S.140, 144-45, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992). Statutory law governing social security cases provides that:

> Any individual, after *any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days...

42 U.S.C. § 405(g)(emphasis added). In addition, 42 U.S.C. § 405(h) provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided..." Thus, Congress has clearly stated that § 405(g) is the sole basis for judicial review of the Commissioner's decisions.

The sole exception to this rule was explained in *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977):

> [c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by "clear and convincing" evidence.

*Sanders*, 430 U.S. at 109. Mere incantation of the Constitution is insufficient to raise a constitutional issue. As explained by the Sixth Circuit in *Ingram v. Secretary of Health & Human Services*:

> The Supreme Court has noted that federal courts are without jurisdiction to review a decision of the Secretary refusing to reopen previously adjudicated claims, at least in the absence of a constitutional challenge. *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct 980, 51 L. Ed. 2d 192 (1977). *Simply couching in constitutional language what is in reality an argument, that the Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge.*

830 F.2d 67, 67 (6th Cir. 1987) (emphasis added). In the instant case, Plaintiff has not made any claims implicating constitutional violations that would justify waiving the exhaustion requirement.

42 U.S.C. § 405(g) authorizes judicial review only after a plaintiff has exhausted administrative remedies. The regulations delineate a four-step administrative review process that must be followed before a decision will be considered final and subject to judicial review: (1) an initial decision; (2) reconsideration; (3) a hearing before an administrative law judge ("ALJ"); and (4) review by the Appeal Council. 20 C.F.R. § 416.1400(a)(5). Therefore, a final decision is reached only after a plaintiff receives either a decision by the Appeals Council or a notice from the Appeals Council that it is denying the request for review. 20 C.F.R. §§ 416.1400(a), 416.1481, 422.210. Without a final decision, there is nothing for the Court to review.

In the instant case, Defendant has provided a sworn Declaration of Rosanna Mapp, Court case preparation and review Branch 3 office of appellate operations for the Social Security Administration, wherein she states that on February 4, 2022, an Administrative Law Judge (ALJ) issued an unfavorable decision on Plaintiff's application for Social Security Income (SSI) benefits under Title XVI. (ECF No. 9, PageID.41-42.) Plaintiff requested review of that decision and on November 16, 2022, the Appeals Council granted the request and remanded the case to an ALJ. (ECF No. 9, PageID.42.) This ALJ issued another unfavorable decision on July 19, 2023. (*Id.*) Plaintiff again requested review and on January 17, 2024, the Appeals Council again granted the request and remanded the case to an ALJ. (*Id.*) .

Therefore, Plaintiff's filing of her complaint in this Court on November 30, 2023, predates any final decision of the Commissioner; thus, this Court lacks anything to review and dismissal is appropriate under Fed. R. Civ. P. 12(b)(6). *Dunn v. Comm'r of Soc. Sec.*, 832 F. App'x 62, 63 (2nd Cir. 2020)(noting that failure to exhaust is no longer held to deprive the court of subject matter jurisdiction but remains a proper ground for dismissal for failure to state a claim upon which relief can be granted). Accordingly, I recommend the Defendant's motion be granted and the complaint be dismissed for failure to exhaust administrative remedies.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 21, 2024                    S/ PATRICIA T. MORRIS
                                           Patricia T. Morris
                                           United States Magistrate Judge